**UNITED STATES of America, Plaintiff,**

**v.**

**The CITY AND COUNTY OF DENVER; The Denver Police Department; and The Civil Service Commission for the City and County of Denver, Defendants.**

**Civil Action No. 96–K–370.**

United States District Court,
D. Colorado.

June 7, 1996.

Henry L. Solano, U.S. Attorney, Denver, CO, Joan A. Magana, Eugenia Esch, Sheila M. Foran, Disability Rights Section, Civil Rights Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

J. Wallace Wortham, Jr., Assistant City Attorney, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The United States sues the City and County of Denver, the Denver Police Department,

and the Civil Service Commission for the City and County of Denver for declaratory and injunctive relief to enforce the provisions of Titles I and II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112, *et seq.*, and 42 U.S.C. § 12131, *et seq.*, and the implementing regulations, 29 C.F.R. Part 1630 and 28 C.F.R. Part 35.

Jurisdiction exists under 42 U.S.C. § 12117(a), 42 U.S.C. § 2000e–6, 42 U.S.C. § 12133, and 28 U.S.C. § 1345.

Before me is Defendants' motion to dismiss. I deny the motion.

## I. *Pending Litigation.*

A. *Davoll et al. v. Webb et al., Civil Action 93–K–2263 (Davoll I).*

On October 27, 1993, plaintiffs Jack L. Davoll, Deborah A. Clair and Paul L. Escobedo filed suit against Wellington Webb, in his capacity as Mayor of the City and County of Denver; the City and County of Denver; David L. Michaud, in his capacity as the Chief of the Denver Police Department; Elizabeth H. McCann, in her capacity as the Manager of Safety for the City and County of Denver; and Civil Service Commission for the City and County of Denver. The three plaintiffs filed suit on behalf of themselves and others "similarly situated."

Plaintiffs in *Davoll I* seek monetary damages, declaratory and injunctive relief pursuant to: (a) the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213; (b) Title VII of the Civil Rights Act of 1964; (c) 42 U.S.C. § 1983 and the Equal Protection and Due Process clauses of the U.S. Constitution as applied to Defendants through the Fourteenth Amendment to the U.S. Constitution. (*Davoll I* Sec.Am.Compl. & Jury Demand ¶ 1 filed July 5, 1994; Pretrial Order of January 16, 1996.)

Plaintiffs in *Davoll I* were patrol officers for the Denver Police Department who sustained work-related injuries which rendered them unable to perform the essential functions of their jobs as police officers, i.e. the ability to make a forceful arrest and/or fire a weapon. The Denver Police Department assigned each of the Plaintiffs to temporary light duty positions. (*Id.*)

When each plaintiff's eligibility for light duty expired, a medical determination was made that he or she could not return to full duty and was to be given a limited duty assignment for an indefinite period of time. Each plaintiff sought and was granted occupational disability retirement from the Fire and Police Pension Association.

In essence plaintiffs in *Davoll I* allege defendants have failed to accommodate them by providing permanent light duty positions and/or failing to reassign them to non-police jobs within the City. As a result, they seek recovery for personal injury and economic losses as well as injunctive and declaratory relief.

On February 24, 1995, I denied the motion of plaintiffs to certify *Davoll I* as a class action pursuant to Federal Rule of Civil Procedure 23 and to bifurcate the action into two trial phases pursuant to Rule 42(b). *Davoll v. Webb,* 160 F.R.D. 142, 146 (D.Colo.1995).

On February 1, 1996, defendants in *Davoll I* filed a summary judgment motion. On February 16, 1996, the government filed United States' Motion for Leave to Participate as *Amicus Curiae,* stating, *inter alia,* "the government believes that its interests may be affected by the outcome of the case and, further, that the government's views will be of assistance to the Court and the parties in addressing the issues raised in the litigation." (*Davoll I,* United States Mot. Leave to Participate as *Amicus Curiae* at 1.)

On February 22, 1996, I granted leave to the United States to participate as *amicus curiae* in the case. On March 1, 1996, the United States filed a memorandum as *amicus curiae* urging me to reject defendants' argument regarding reassignment as a basis for their summary judgment motion.

The summary judgment motion in *Davoll I* is still pending. That case is set for an eight day jury trial commencing on October 28, 1996. Discovery in the action has been completed.

On April 30, 1996, plaintiffs in *Davoll I* filed a motion for consolidation pursuant to Federal Rule of Civil Procedure 42(a) requesting consolidation with this case. The motion was heard by Magistrate Judge Bruce D. Pringle on May 17, 1996. The magistrate judge denied the motion "without prejudice to refiling in the event the trial

date is vacated." (*Davoll I*, Courtroom Minutes May 17, 1996).

B. *United States v. The City and County of Denver et al., Civil Action No. 96–K–370 (Davoll II).*

On February 15, 1996, the United States filed the subject lawsuit "to enforce the provisions of titles I and II of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12111, *et seq.*, and 42 U.S.C. § 12131, *et seq.*, and the implementing regulations, 29 C.F.R. 12133 Part 1630 and 28 C.F.R. Part 35." (*Davoll II* Compl. ¶ 1.)

The complaint describes the employment of Jack L. Davoll (of *Davoll I*) with the Denver Police Department, his injuries, his being placed on "limited duty," and his termination in April 1993 with the direction to apply for disability retirement. (*Id.* ¶¶ 10–14.) It alleges further that Davoll is a "qualified individual with a disability" as defined in the ADA, (*id.* ¶ 16), and that he and "other qualified individuals with disabilities" who have been employed by Defendants as police officers and who have become disabled "have similarly been denied reassignment to available positions for which they are qualified with the Police Department or within the City of Denver," (*id.* ¶ 17).

The United States asserts Defendants "have pursued and continue to pursue policies and practices that discriminate in employment on the basis of disability in violation of Section 102 of title I of the ADA, 42 U.S.C. § 12112 . . . and Section 202 of title II of the ADA, 42 U.S.C. § 12132. . . ." (*Id.* ¶ 18.) It maintains such "acts, omissions, policies and practices of [Defendants] constitute a pattern or practice of resistance to the full enjoyment by persons with disabilities of their rights to equal employment opportunities without discrimination based on disability in violation of Section 107(a) of title I of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 707 of Title VII, 42 U.S.C. § 2000e–6." (*Id.* ¶ 19.)

The government seeks an order declaring Defendants have violated Titles I and II of ADA, and enjoining them from engaging in discriminatory practices against employees with disabilities based on their disabilities and specifically from, *inter alia,* "[f]ailing or refusing to award make whole relief to Jack

L. Davoll and similarly situated individuals. . . ." (*Id.* at 6.)

On May 20, 1996, I denied the United States' Motion to Bifurcate for Discovery and Trial the Issues of Liability and Individual Relief filed May 17, 1996.

II. *Motion to Dismiss.*

Defendants in *Davoll II* seek dismissal under Federal Rules of Civil Procedure 12(b)(1) and 42(a) arguing that (1) the United States has failed to meet the procedural requisites for filing a claim under Title I of the ADA; (2) *Davoll I* extinguishes the right of the United States to file a separate action pursuant to title II of the ADA; and (3) the United States' complaint is duplicative of that in *Davoll I* and prejudices Defendants.

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Rule 42, rather than setting out grounds for dismissal of an action, addresses the issue of actions involving common questions of law or fact. The rule allows me to order such actions consolidated or "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a)

(1) *Procedural Requisites.*

Title I of the ADA prohibits employment discrimination on the basis of disability in regard to, *inter alia,* hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment. 42 U.S.C. § 12112; 29 C.F.R. pt. 1630 (1995).

Title II of the ADA prohibits discrimination on the basis of disability in participation in the benefits of the services, programs or activities of a public entity. 42 U.S.C. § 12132; 28 C.F.R. pt. 35 (1995). Here, the United States brings suit under both titles. (Compl. ¶ 1.)

A. *Authority of Attorney General to sue Public Employers under Title I of the ADA.*

■ Defendants assert the United States has failed to meet the procedural requisites for filing a claim under Title I of the ADA. They maintain regulations implementing Ti-

tle II require the Civil Rights Division to issue a non-compliance Letter of Findings reflecting findings of fact and conclusions of law before referring the matter to the Attorney General with a recommendation for appropriate action, citing 28 C.F.R. §§ 35.172, 173 and 174 (1995). They assert the Civil Rights Division has not issued such letter regarding the Title I claim in this matter.[1]

The United States points out, for the enforcement of Title I of the ADA, Congress adopted the powers, remedies and procedures from Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* which prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin.[2]

The two provisions of Title VII (§§ 706 and 707) authorize the Attorney General to bring suits against public employers such as the Defendants in this case. 42 U.S.C. §§ 2000e–5(f)(1), 2000e–6. In this suit, the United States invokes § 107, 42 U.S.C. § 2000e–6. (Compl. ¶ 2.) That section provides in pertinent part:

> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States. . . .

42 U.S.C. § 2000e–6(a). The section does not require a specific complainant or a refer-

ral from the EEOC as condition precedent to a lawsuit, nor does it require the Attorney General to follow procedures established by the EEOC before initiating suit. *United States v. Allegheny–Ludlum Ind., Inc.,* 517 F.2d 826, 843 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *United States v. New Jersey,* 473 F.Supp. 1199, 1204–05 (D.N.J.1979).[3]

Accordingly, I reject Defendants' assertion that the United States has failed to meet the procedural requisites for filing a claim under Title I of the ADA.

**B.** *Authority of Attorney General to sue Public Employers Under Title II of the ADA.*

The United States' complaint is also predicated on Title II of the ADA, 42 U.S.C. § 12131 *et seq.* (Compl. ¶¶ 1, 2). Although Title II coverage is not dependent on the receipt of federal funds, the remedies are borrowed from existing statutes prohibiting discrimination in federally assisted programs and activities. Title II of the ADA states:

> The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. § 12133.

Section 794a of Title 29, § 505 of the Rehabilitation Act, in turn provides: "The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] shall be available

---

**1.** Defendants brief is confusing in that it cites the regulations implementing Title II of the ADA under 28 C.F.R. §§ 35.172, 173 and 174 but then states the Civil Rights Division has not issued such letter regarding the Title I claim in this matter.

**2.** Title I of the ADA states:

> The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title [§§ 705, 706, 707, 709 and 710 of the Civil Rights Act of 1964] shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this

chapter, or regulations promulgated under section 12116 of this title [§ 106] concerning employment.
42 U.S.C. § 12117(a).

**3.** This is in contrast to § 706, 42 U.S.C. § 2000e–5, designed to vindicate individual instances of discrimination, which empowers the Attorney General to sue public employers only after an individual has filed a charge with the EEOC, that agency has investigated, and made a finding of reasonable cause and been unable to conciliate the charge. The EEOC has the power to sue private employers but must refer charges against public employers to the Attorney General who may then sue to obtain relief on behalf of individual victims of discrimination. 42 U.S.C. § 2000e–5(f).

to any person aggrieved...." 29 U.S.C. § 794a(2).

Title VI provides:

Compliance ... may be effected (1) by the termination of or refusal to grant or to continue [federal financial] assistance ... or (2) by any other means authorized by law: *Provided, however,* That no such action shall be taken until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means.

42 U.S.C. § 2000d–1.

Courts have interpreted the words "by any other means authorized by law" to mean that a funding agency, after finding a violation and determining that voluntary compliance is not forthcoming, could refer a matter to the Department of Justice to enforce the statute's nondiscrimination requirements in court. *See, e.g., National Black Police Ass'n, Inc. v. Velde,* 712 F.2d 569, 575 & n. 33 (D.C.Cir.1983), *cert. denied,* 466 U.S. 963, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984); *United States v. Marion County Sch. Dist.,* 625 F.2d 607, 612 & n. 12 (5th Cir.1980), *cert. denied,* 451 U.S. 910, 101 S.Ct. 1980, 68 L.Ed.2d 298 (1981).

The United States points out as, under Title VI and the Rehabilitation Act, the funding agencies adopted procedures to investigate complaints of violations filed by individuals, so the Department of Justice adopted similar procedures by enacting the ADA Title II regulations. 28 C.F.R. pt. 35, subpart F. The Title II regulations also provide where voluntary compliance cannot be obtained, the matter must be referred to the Attorney General for appropriate action. 28 C.F.R. § 35.174.[4]

■ The United States asserts all procedural requisites for filing suit under Title II of the ADA have been met. The Department of Justice investigated the administrative complaint filed by Jack L. Davoll, issued a Letter of Findings and attempted, unsuccessfully, to resolve the matter before the complaint was filed. *See* Department of Justice's Letter of Findings dated August 22, 1994 with respect to allegations received concerning violations of Title II of the ADA by the City and County of Denver (the "City") relating to Jack Davoll and attempting to negotiate an agreement, (Pl. United States' Resp. Defs.' Mot. Dismiss, Ex. B), and the City's declination to enter the proposed agreement, (*id.* Ex. C).

I find the United States has complied with the procedural requirements of the regulations implementing Title II of the ADA.

(2) *Effect of Davoll I on the United States' Right to file a Separate Action pursuant to Title II of the ADA.*

■ Defendants argue the ADA provides a complainant may file a private suit at any time the matter is being investigated by a federal agency. 28 C.F.R. § 35.172(b) (1995). They also refer to 29 C.F.R. § 1601.28 which provides when a right to sue letter has been issued by the EEOC, it may offer such assistance to the individual concerned as it deems appropriate. They maintain no similar language grants authority to the United States to bring an independent action after the individual has brought an action and that it was the statutory intent of Congress to extinguish the right of the United States to file an independent action upon a suit being filed by a private party.

As discussed, the United States has authority to initiate action under both Titles I and II of the ADA to enforce the provisions of the Act, independent of any private suit. *See United States v. City of Philadelphia,* 499 F.Supp. 1196, 1200 (E.D.Pa.1980) ("Where a statute provides for both Government and private suits, they may proceed simultaneously or in disregard of each other, since different policy considerations govern each of these"). Accordingly this argument of Defendants fails.

(3) *Duplicative nature of the complaints in Davoll I and Davoll II.*

■ Defendants further seek dismissal on the grounds that the United States' com-

---

**4.** "If the public entity declines to enter into voluntary compliance negotiations or if negotiations are unsuccessful, the designated agency shall refer the matter to the Attorney General with a recommendation for appropriate action." 28 C.F.R. § 35.174 (1995).

plaint is essentially identical and therefore duplicative of the complaint in *Davoll I.* They assert the United States is attempting to litigate the same alleged violations of ADA concerning the same individuals and forcing Defendants to defend against two identical lawsuits, subjecting them to the possibility of inconsistent rulings.

They cite *EEOC v. Continental Oil Co.,* 548 F.2d 884 (10th Cir.1977), which concerned an appeal by the EEOC from a decision of this court dismissing the suit. The appeals court discussed the question of the right of the EEOC to bring suit under § 706(f)(1) after the charging party has exercised his or her right. *Id.* at 887–890. The Tenth Circuit found the dismissal of the EEOC's suit filed pursuant to § 706(f)(1) and predicated upon the charges of two individuals, each of whom had previously brought an action upon his charge, to be proper. *Id.*

Here, unlike in *EEOC v. Continental Oil Co.,* the Attorney General has filed suit not under § 706(f)(1) of the ADA but under § 707 alleging an independent "pattern or practice" cause of action against Defendants. The court in *Continental Oil* noted "if the additional incidents sought to be addressed are pervasive, the matter could be certified for § 707 processing, which section affords a broad based remedy without regard to individual charges or complaints." *Id.* at 890. That decision supports the assertion of the government that it has an independent right to sue under § 707.

Nor does the fact that I have denied the plaintiffs' motion for certification of a class under Federal Rule of Civil Procedure 23 in *Davoll I* preclude the United States from suing for "similarly related individuals" or for an alleged pattern or practice violation. *See General Tel. Co. v. EEOC,* 446 U.S. 318, 327 & n. 9, 100 S.Ct. 1698, 1705 & n. 9, 64 L.Ed.2d 319 (1980) (holding where the Department of Justice files a pattern or practice suit, the Attorney General does not sue in a representative capacity and the enforcement suit need not comply with the requirements of Rule 23).

Whether the United States can establish a pattern or practice of unlawful discrimination on the part of Defendants to satisfy the requirements of § 707 goes to the merits of the case in *Davoll II* and is not properly decided upon a motion to dismiss.

### III. *Conclusion.*

For the aforesaid reasons, I deny the motion to dismiss. Accordingly,

IT IS ORDERED THAT Defendants' Motion to Dismiss is DENIED.