**UNITED STATES of America,**
**Plaintiff,**

v.

**MISSISSIPPI DEPARTMENT**
**OF PUBLIC SAFETY,**
**Defendant.**

**Civ. No. 3:00–CV–377BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 14, 2001.

Cynthia Lynn Eldridge, U.S. Attorney's Office, Jackson, MS, Robert G. Anderson, U.S. Attorney's, Criminal Division, MS, Bill Lann Lee, John L. Wodatch, L. Irene Bowen, Daniel W. Sutherland, Alyse S. Bass, U.S. Department of Justice, Disability Rights Section, Civil Rights Division, Washington, DC, Carlton W. Reeves, Pigott, Reeves, Johnson & Minor, P.A., Jackson, MS, for U.S.

Rickey T. Moore, Office of the Attorney General, Jackson, MS, for Mississippi Department of Public Safety.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of the Defendant to Dismiss and Hold Discovery in Abeyance. The Court has considered the Motion, Response, and supporting and opposing authority and finds that (1) the Motion of the Defendant to Dismiss is well taken and should be granted, and (2) the Motion of the Defen-

dant to Hold Discovery in Abeyance should be dismissed as moot.

## I. Background and Procedural History

In 1993, Ronnie Collins applied to and was accepted by the Mississippi Highway Safety Patrol training academy. Collins has Type II (adult onset) diabetes. On August 31, 1993, Collins was dismissed from the training academy. Collins alleges that his requests for accommodation of his diabetes were denied by the academy and that, as a result, he experienced severe hypoglycemia and was unable to participate in training classes. His discharge, Collins alleges, was based on his disability.

Plaintiff, the United States, filed suit on May 17, 2000, alleging a cause of action under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant moved for dismissal of this cause on grounds the ADA is unconstitutional as applied to states and, alternatively, that the Mississippi Department of Public Safety is not a governmental entity capable of being sued, and Plaintiff has not stated a claim upon which relief can be granted. Defendant also moved that discovery be held in abeyance pending a determination by the Court on the immunity defense of the Defendant. Since the cause can be decided on the alternative grounds, the Court does not reach the constitutional issue.

## II. Legal Standard

For the purposes of a motion to dismiss under Rule 12(b)(6), all material allegations in Plaintiff's Complaint must be taken as true and construed in the light most favorable to Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A Rule 12(b)(6) dismissal is not appropriate unless it appears to a certainty that Plaintiff would not be entitled to relief under any set of facts that could be proven. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Rule 12(b)(6) requires dismissal "only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir.1986) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

## III. Analysis

Plaintiff, the United States, has sued Defendant, an agency of the State of Mississippi, on behalf of Ronnie Collins, a private individual and resident of Mississippi. Defendant argues that, by virtue of its sovereign immunity, this suit is barred and should be dismissed. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damage action against a State [or one of its agencies] in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Here, the Defendant has not waived its Eleventh Amendment immunity. Nor has Congress validly abrogated Eleventh Amendment immunity from suits for money damages under Title I of the ADA. *See Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 967–68, 148 L.Ed.2d 866 (2001). The question, therefore, is whether the United States, as the representative of an individual, is barred by the Eleventh Amendment from bringing suit against an agency of the State of Mississippi.

### A. Money Damages

The Supreme Court in *Garrett* held that suits in federal court by private citizens to recover money damages based on the state's failure to comply with the ADA are barred by the Eleventh Amend-

ment. *See Garrett,* 121 S.Ct. at 967–68. As straightforward as this seems, the Court, in dicta, stated,

> Our holding here.... does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

*Garrett,* 121 S.Ct. at 968 n. 9. The Court interprets this literally. Private citizens can sue states for violations of individual rights under the ADA for injunctive relief, but not for money damages. *See Gibson v. Arkansas Dept. of Correction,* 2001 WL 1041845, *4 (8th Cir.2001). The United States may sue states for money damages. The question, therefore, becomes under what circumstances and in what manner may the United States sue states for money damages. The answer to this question may be found in procedure.

Title I of the ADA provides that the remedies set forth in sections 2000e–5 and 2000e–6 (sections 706 and 707 of Title VII of the Civil Rights Act of 1964, respectively) are the remedies available to the Attorney General or to any person alleging discrimination on the basis of disability in violation of the ADA. *See* 42 U.S.C. § 12117(a). The United States bases its claim on section 706 of Title VII, 42 U.S.C. § 2000e–5, which is incorporated by reference in section 107(a) of the ADA. *See* Complaint. Section 706 is "designed to vindicate individual instances of discrimination...." *United States v. City and County of Denver,* 927 F.Supp. 1396, 1399 n. 3 (D.Colo.1996) (citing 42 U.S.C. § 2000e–5(f)). Under section 706, "the Attorney General ... may ... sue to obtain relief on behalf of individual victims of discrimination." *See Denver,* 927 F.Supp. at 1399 n. 3 (citing 42 U.S.C. § 2000e–5(f)).

Section 707, on the other hand, provides that,

> [w]henever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by [the ADA], and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States....

42 U.S.C. § 2000e–6(a). By bringing its suit under section 706 rather than section 707, the United States makes clear that it does not seek to remedy a pattern of intentional discrimination on behalf of the United States or the citizens of Mississippi. Rather, the United States seeks only to vindicate the rights of an individual allegedly discriminated against by an agency of the State of Mississippi in violation of the ADA. *See* Complaint. The United States has, in essence, stepped into the shoes of a private individual. In this capacity, the United States has no more power to sue a state than the individual it represents. The Court, therefore, finds that, in this case and with these facts, the claims of the United States for money damages are barred by the Eleventh Amendment. Accordingly, the Court finds that the Motion of Defendant to Dismiss Plaintiff's claims for reinstatement and compensatory damages is well taken and should be granted.

**B. Injunctive Relief**

 Having found that, in this case, the United States has no more power to sue a state than the individual it repre-

sents, the Court must next consider whether the Plaintiff may pursue its claim for injunctive relief under the *Ex parte Young* exception as stated by the Supreme Court in *Garrett*. With regard to a private individual's right to sue his own state for prospective relief, the Supreme Court in *Garrett* stated nothing new. The Supreme Court set out this exception to state sovereign immunity in 1908. *See Young*, 209 U.S. at 123, 28 S.Ct. 441. The exception "rests on the fiction ... that because a sovereign state cannot commit an unconstitutional act, a state official enforcing an unconstitutional act is not acting for the sovereign state and therefore is not protected by the Eleventh Amendment." *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir.2001). However, *Ex Parte Young* "only avoids the Eleventh Amendment defense where relief ... is sought against named state officials for a violation of federal law." *Neo Gen v. New England Newborn*, 187 F.3d 24, 28 (1st Cir.1999). *See also Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 496 (10th Cir.1998) (stating that the *Ex parte Young* legal fiction has no application against the states and their agencies) (citations omitted).

■ In the case *sub judice*, the United States has not claimed that any official with the Mississippi Department of Public Safety violated Collins' rights under the ADA, but only that the agency, itself, violated Collins' rights. Without a named state official, the claim of the Plaintiff for injunctive relief under *Ex parte Young* must fail. Accordingly, the Court finds that the Motion of Defendant to Dismiss Plaintiff's claim for injunctive relief is well taken and should be granted.

### III. Conclusion

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss the Plaintiff's claims [4–1] is granted. This case is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Motion of Defendant to Hold Discovery in Abeyance [4–2] is denied as moot.

A final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered this day.